CHARLES J. SCHUCK, Judge.
Claimant John B. McGhee at the time a deputy warden of the medium security prison at Huttonsville, was called upon by M. E. Ketchum, the warden of the state penitentiary to pay a portion of the premiums of two certain insurance policies *155 carried presumably to protect them as state agents or employees against any liability to third persons occasioned by injuries to such third persons through the negligent operation of state trucks used in connection with carrying on and operating the state prison in question. Complying with said request claimant made two payments, one of $200.00 and one of $55.98 to the said warden; which payments are admitted and as shown by the evidence were in turn paid to the insurance agency, through which the policies were obtained.
An examination of the policies in question shows that in policy No. A346882 for which claimant paid his $200.00 installment, he was not insured at all as he is nowhere mentioned in the policy as being among those protected, but on the other hand the policy was payable to the state of West Virginia, the West Virginia State Penitentiary, Warden M. E. Ketchum and the Board of Control, and also the West Virginia Security Prison; policy No. A366146 was made to Warden M. E. Ketchum and John B. McGhee, the claimant, and to the payment for this last mentioned policy the claimant contributed $55.98. The first policy was issued on September 29, 1943; the second on March 29, 1944.
Heretofore, on the second day of August, 1943, this court by an advisory opinion, rendered at the request of the state auditor held that a claim for a yearly insurance premium on a policy issued to cover public liability and property damage on state automobiles owned by the conservation commission and operated by state agents and employees, was not collectable as a claim against the state. This opinion was subsequently confirmed by another advisory opinion rendered January 13, 1944, Dougan, Bretz & Caldwell, Agts., etc., v. Auditor, 2 Ct. Claims (W. Va.) 260, when the following question was submitted for an opinion by the auditor.
“Can the state properly pay insurance premiums on cars owned by the state, inasmuch as there is a question as to whether any enforceable liabiliy accrues against the state in case of property damage or personal injury.”
*156 In answer to the question submitted this court held that the state had no authority express or implied to pay such insurance premiums, and that only an act of the Legislature conferring the necessary authority could warrant the state or any of its departments to make the payments of the premiums in question.
Subsequently thereto, by an act of the Legislature chap. 71, page 295, acts of the regular session 1945, state officers, boards, commissions and agencies of the state were authorized to spend public funds for public lability insurance against bodily injury or property damage caused by the negligence of drivers of motor vehicles owned and operated by the state or any of its agencies.
It is apparent therefore, that the claim under consideration arose at a time when the Legislature had not yet conferred any authority on any state agency or department to incur an obligation arising out of public liability insurance so far as the payment of the premium was concerned. Consistent with our advisory opinions herein referred to, we, of course, must deny the claim. However, in view of the fact that the insurance here involved was improperly and improvidently issued against which the insurance company, if called upon to pay a loss or damage could well have denied liability, the policies in question being unenforceable, the claimant would be justified in seeking the return of the amounts paid by him not only from the insurance company which issued the policies, but as well from the warden who improperly collected claimant’s portion or part of the premiums. This, of course, is a matter for him to decide and to determine what course he will eventually pursue in having the amounts here claimed paid back or returned to him.
An award is accordingly denied.